ALEKSANDR GRUZMAN (SBN 232763)
LAW OFFICES OF ALEKSANDR GRUZMAN
7703 Santa Monica Blvd., Suite 1
West Hollywood, CA, 90046
323 798-4444 Telephone
866 475-5442 Facsimile
info@alexgruzman.com
ATTORNEYS FOR PLAINTIFF, ERIN HUGHES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN HUGHES<br><br>　　　　Plaintiff,<br><br>　　Vs.<br><br>FIRST NATIONAL INSURANCE COMPANY OF AMERICA; DOES 1 through 50, Inclusive,<br><br>　　　　Defendants | Case No.: **2:22-cv-01759-MWF-RAO**<br>*Related to.:* **2:21-CV-09334-MFW-RAO**<br>*Assigned to Hon. Michael W. Fitzgerald*<br><br>**SUPPLEMENTAL DECLARATION OF PLAINTIFF ERIN HUGHES IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA<br>　　　　Counterclaimant<br><br>　　Vs.<br><br>ERIN HUGHES<br><br>　　　　Counter-Defendant | **Hearing Date: 02/27/23** |

I, ERIN HUGHES, state and declare as follows:

1. I am the Plaintiff in this action. As a result of a total loss of my home, as well as all of my art designs, lack of funds, I have experienced posttraumatic stress disorder as well as humiliation and torture due to the malicious conduct of Safeco in refusing to issue my insurance premiums for over two years. During this time, I have lost 60 pounds with my weight being 105 pounds, and I am undergoing treatment for my posttraumatic stress disorder, with each day feeling as if I am at war. At the same time, I am also a single proud Ukranian mother trying to raise 4 teenagers with dignity while overcoming all bad faith actions of Safeco who ignored my rights and their responsibilities to me as my insurer. As a consequence of the bad faith of this insurance company, I have lost my sister who passed away, as well as, the support of my husband who left me with 4 children. While undergoing depositions I experience posttraumatic stress disorder panic attacks and when driving my children I often break out in tears and have to pull over to avoid traffic violations. Not only has the quality of my life as well as my children's' life deteriorated, but also my mother is 84 years of age and her life has been compromised since I am her only care taker and can hardly do that because of the PTSD caused by this insurer. I have personal knowledge of the following facts and if called as a witness I would testify as follows.

2. As I have stated, The YS Agent Kate, **NOT SHEKHTMAN**, filled out the application while I was on the phone with her and thus she never read the complete questions in the application to me, and I was unable to see those questions since I only signed the signature page of the application as instructed by Kate. Ms.

2

SUPPLEMENTAL DECLARATION OF OF PLAINTIFF ERIN HUGHES IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

Shekhtman does not have first-hand knowledge regarding my application process. Kate stated that Safeco would do their due diligence to check the information in the application including existence of any prior losses.

3. I have never signed any written cancellation request to cancel the GICA homeowners policy which Ms. Shekhtman confirmed is required to cancel the homeowner's policy. In her deposition Ms. Shektman stated " **I never cancel a policy if I don't have signed … formal signed request**" See "EXHIBIT "A" Page 83, lines 1-6., Page 84, lines 1-5. Shekhtman confirmed that she never sent a cancellation request to me for the GICA policy, and the only cancellation that was discussed with her was for the DIC First National policy. Furthermore, Shekhtman told me that she required the original of the cancellation form with wet signature to be mailed to her.

4. I repeat that I have never signed or intended to cancel the GICA policy because the December 31st letter from Safeco informed me that I was covered until February 4, 2021 at which time the coverage would lapse by itself. Furthermore, if the GICA coverage was cancelled from December 4, 2020 that would leave me without any coverage. Thus GICA maliciously falsified the cancellation of its policy after the fire to avoid paying out the benefits for fire damage.

5. English is not my first language which is why the Safeco insurance agents as

3

SUPPLEMENTAL DECLARATION OF OF PLAINTIFF ERIN HUGHES IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

well as the Safeco attorneys attempted in bad faith to misinterpret my testimony, and confuse me with intent to fabricate a reason to deny my insurance benefits.

6. In the context of the question regarding prior losses, the homeowner to be precise offered to look for property records, and the agent said its not necessary because we do our own background check on the property.

7. To clarify, after February 2021 I intended to have the subject property vacant of visitors due to the hazardous nature of the driveway reinforcement project. However I would continue to occupy the property to oversee the driveway project.

8. With respect to the First National Claim, I provided all documents supporting my claim to my attorney who sent these records to attorney to Safeco Ms. Levinson along with detailed responses on May 7, 2021, June 9, 2021, July 6, 2021, August 6, 2021, August 27, 2021, and September 30, 2021. The First National Insurance Company in bad faith, maliciously and fraudulently refused to consider the documents provided to them in support of my claim on the above dates, insisted on and forced me to go through two examination under oath with the second one taken in front of the hospital emergency room because I was having Post traumatic stress disorder, as well as forced me to undergo two depositions with the second one lasting approximately 12 hours.

I attest under penalty of perjury, pursuant to the laws of the United States that the above is true and accurate.

Dated:  February 10, 2023                     /s/ Erin Hughes

                                                              ERIN HUGHES

# EXHIBIT "A"

SUPPLEMENTAL DECLARATION OF OF PLAINTIFF ERIN HUGHES IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 1 | A.   Well, I'm not canc- -- I never cancel a | 12:32:10 |
| 2 | policy if I don't have signed -- formal signed request. | 12:32:15 |
| 3 | So before processing any cancellation, I always request | 12:32:17 |
| 4 | the client to sign the cancellation.  But I also give | 12:32:23 |
| 5 | the option to the client, call company directly and | 12:32:26 |
| 6 | just cancel themselves. | 12:32:30 |
| 7 |      Q.   But, specifically, do you know if the | 12:32:31 |
| 8 | cancellation request form -- was that for both | 12:32:36 |
| 9 | policies, or was that for one -- one particular policy? | 12:32:38 |
| 10 |           At this point in time -- | 12:32:42 |
| 11 |      A.   For one, for the DIC one, because it wasn't | 12:32:43 |
| 12 | the one that she should -- she should have. | 12:32:45 |
| 13 |      Q.   Okay.  So the cancellation request form that | 12:32:48 |
| 14 | you were sending her was to cancel the limited -- | 12:32:50 |
| 15 | limited property policy; correct? | 12:32:53 |
| 16 |      A.   Yes. | 12:32:59 |
| 17 |      Q.   Okay.  But at this point in time, it was your | 12:32:59 |
| 18 | understanding that Ms. Hughes intended to cancel both | 12:33:01 |
| 19 | policies. | 12:33:04 |
| 20 |           She did not intend to keep either the | 12:33:04 |
| 21 | General Insurance or the First National policy; | 12:33:07 |
| 22 | correct? | 12:33:09 |
| 23 |      A.   Well, she cannot keep the policy that the | 12:33:11 |
| 24 | company is not providing. | 12:33:16 |
| 25 |      Q.   Right. | 12:33:17 |

Page 83

```
 1        A.   So I wasn't even discussing with her about          12:33:19
 2   homeowners policy anymore, because it just -- Safeco          12:33:25
 3   didn't accept it; so this is -- the policy that we are        12:33:29
 4   discussing is DIC policy.                                      12:33:33
 5        Q.   So the --                                            12:33:35
 6             I'm sorry to interrupt.                              12:33:36
 7             So this -- so this e-mail was referring --          12:33:36
 8   the cancellation request form was for the -- the DIC          12:33:38
 9   policy?                                                        12:33:41
10        A.   DIC, yeah.                                           12:33:41
11        Q.   And it was your understanding that the              12:33:52
12   homeowner -- the original homeowners policy wasn't even       12:33:54
13   at issue because the company was not going to issue           12:33:56
14   that; right?                                                   12:33:58
15        A.   I -- I didn't see the policy.  I only saw           12:34:00
16   the -- a rejection -- I mean, the e-mail from the             12:34:05
17   Safeco that --                                                 12:34:07
18        Q.   Uh-huh.                                              12:34:09
19        A.   -- with the -- and the reason why I issued          12:34:09
20   this one -- I wouldn't issue -- I wouldn't keep two           12:34:18
21   policies covering the same thing.                              12:34:22
22        Q.   Right.                                               12:34:24
23             Here's another document marked Exhibit 17.          12:35:00
24             (Whereupon, Deposition Exhibit 17 was                12:35:03
25             marked for identification.)                          12:35:03
```

Page 84